IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America : | |
| : | Case No. 1:04cr61 |
| : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER ADOPTING REPORT |
| Robert Scott Brinkman : | AND RECOMMENDATION |
| : | |
| Defendant : | |

This matter comes before the Court on Magistrate Judge Hogan's Report and Recommendation ("R&R") (doc. # 43) in the case of United States v. Brinkman, 04-cr-61. On February 15, 2005, Judge Hogan held a hearing on Brinkman's Motion to Suppress Searches (doc. # 12) and Motion to Suppress Statements (doc. #18). On March 7, 2005, Judge Hogan issued his R&R, in which he recommended that both motions be denied. The Government filed an objection to Judge Hogan's R&R (doc. # 44), which sought, among other things, to preserve for the record its argument regarding standing, which it had raised in its opposition to Brinkman's Motion to Suppress Searches (see doc. # 24 at 3 n.2) and at the hearing (see doc. # 46 at 52).[1] Although Judge Hogan declined to consider the standing question in his R&R, the Court finds that the Government's argument regarding standing has merit and is the primary reason for denying Brinkman's Motion

---

[1] On March 17, 2005, Brinkman also filed an objection to Judge Hogan's R&R, but he did not include any legal arguments in the objection. (See doc. # 45.) Rather, he asked for permission to file a supplemental motion after the transcript of the hearing was prepared. The transcript of the hearing was filed on March 21, 2005. (See doc. # 46). As the trial in this case is rapidly approaching, the Court declines to further delay resolution of Brinkman's motions to suppress.

to Suppress Searches as to Brinkman's parents' home.  With that exception, explained below, the Court otherwise **ADOPTS** Judge Hogan's R&R.

The Government argues that Brinkman does not have standing to challenge the search of his parents' home.  The question of standing is a preliminary inquiry, and Brinkman has the burden of establishing that he has standing.  See U.S. v. Sangineto-Miranda, 859 F.2d 1501, 1510 (6th Cir. 1988) (citing Rakas v. Illinois, 439 U.S. 128, 130 n.1 (1978)).  To show that he has standing to challenge the search of his parents' home, Brinkman must establish facts showing that he "had an interest in connection with the searched premises that gave rise to 'a reasonable expectation (on his part) of freedom from governmental intrusion' upon those premises." Combs v. U.S., 408 U.S. 224, 226-27 (1972) (quoting Mancusi v. DeForte, 392 U.S. 364, 368 (1968)).

In his Motion to Suppress Searches, Brinkman referred to his parents' home as his "residence," and stated that he sought to suppress "evidence seized from the residence where he maintained a room and other personal belongings with his family." (See doc. # 12.)  Despite the Government's challenge by motion and on the record to Brinkman's standing, however, Brinkman presented no evidence at the hearing to support this assertion.  Moreover, Brinkman failed to present any evidence regarding his interest in the premises, his expectation of privacy, or anything at all related to standing.  Consequently, Brinkman failed to establish standing to challenge the search of his parents' home, and his Motion to Suppress Searches should be denied as to the search of his parents' home for that reason standing alone.

As Brinkman did not have standing to challenge the search of his parents' home, Judge Hogan need not have reached the question of whether the search of Brinkman's parents' home violated Brinkman's Fourth Amendment rights.  Nevertheless, the Court concurs with Judge

Hogan's analysis and conclusion that the search of Brinkman's parents' home was lawfully conducted and did not violate the Fourth Amendment.

Other than the foregoing, the Court agrees with and **ADOPTS** Judge Hogan's Report and Recommendation (doc. # 43).  The Court therefore **DENIES** Brinkman's Motion to Suppress Searches (doc. # 12) and Motion to Suppress Statements (doc. # 18).

IT IS SO ORDERED.

       s/Susan J. Dlott
Susan J. Dlott
United States District Judge